UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| CHRISTOPHER J. ROBINSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:21-CV-00172-JRG-CRW |
| JEFF CASSIDY and SULLIVAN COUNTY DETENTION CENTER, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a prisoner housed at the Sullivan County Detention Center, has filed a pro se civil rights action against Defendants for an alleged violation of 42 U.S.C. 1983 [Doc. 1], along with motions for leave to proceed *in forma pauperis* in this cause [Docs. 4 and 6]. The Court will address Plaintiff's motions prior to screening his complaint in accordance with the Prison Litigation Reform Act ("PLRA"). 28 U.S.C. § 1915A.

### I. MOTION TO PROCEED *IN FORMA PAUPERIS*

It appears from Plaintiff's supplemental motion for leave to proceed *in forma pauperis* [Doc. 6] that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 6] is **GRANTED**, and Plaintiff's initial, incomplete motion to proceed *in forma pauperis* [Doc. 4] is **DENIED** as moot.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty

dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk is also **DIRECTED** to furnish a copy of this Order to the Court's financial deputy. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. SCREENING OF COMPLAINT

### A. Plaintiff's Allegations

Between September 29, 2021 and October 1, 2021, Plaintiff was detained in a two-bed "suicide tank" at the Sullivan County Detention Center with between five and seven other inmates, clothed only in a "turtle suit[1]" with Velcro fasteners [Doc. 1 at 4]. During this time, Plaintiff was not provided any hygiene products, and the prisoners ran out of toilet paper late on the second day of Plaintiff's detention in the suicide tank [*Id.*]. When the inmates complained to a correctional officer, he laughed and advised the inmates to use their hands to wipe themselves [*Id.*].

Plaintiff contends that the cell was filthy, with feces on the wall and "various things on the bunks and floor" [*Id.*]. Plaintiff maintains that he had to sleep on the floor close to the toilet because there were not enough beds [*Id.*]. He also alleges that he requested a mop, disinfectant, and soap to wash his hands but "was laughed at a[nd] denied" [*Id.*]. He asks the Court to compensate him monetarily for the conditions to which he was exposed, expedite the resolution of his current charges, and reduce the sentence in his "current case" [*Id.* at 5].

---

[1] A "turtle suit" is a thick, tear-resistant, one-piece gown with adjustable openings designed to prevent the wearer from tearing, rolling, or folding the garment to use as a noose. Juliet Lapidos, *What's an Anti-Suicide Smock?*, Slate (Dec. 5, 2007), https://slate.com/news-and-politics/2007/12/how-an-anti-suicide-smock-prevents-prisoners-from-killing-themselves.html

2

Case 2:21-cv-00172-JRG-CRW   Document 7   Filed 01/03/22   Page 2 of 8   PageID #: 28

**B. Standard**

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "[s]ection 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

3

### C. Analysis

First, the Court finds that it is prohibited from intervening in Plaintiff's pending criminal case, as "a federal court should not interfere with a pending state criminal proceeding except in the rare situation where an injunction is necessary to prevent great and immediate irreparable injury." *Fieger v. Thomas*, 74 F.3d 740, 743 (6th Cir. 1996) (citing *Younger v. Harris*, 401 U.S. 37, 44 (1971)). Here, Plaintiff does not allege any unusual or extraordinary circumstances that cannot be addressed through his defense at any subsequent criminal trial. Accordingly, the Court cannot intervene and expedite Plaintiff's State-court proceedings as requested.

Second, Plaintiff's request that the Court reduce his sentence is not relief that the Court may grant in a § 1983 action, as a petition for a writ of habeas corpus is the vehicle by which Plaintiff must challenge the fact or length of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) ("Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983.").

This brings the Court to Plaintiff's request for monetary compensation based on the conditions of his three-day detention in the suicide tank at the Sullivan County Detention Center.

The Sixth Circuit has held:

> [A] conditions-of-confinement claim has two elements. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities. Second, the prison official's state of mind [must be] one of deliberate indifference to inmate health or safety.

*Spencer v. Bouchard*, 449 F.3d 721, 728 (6th Cir. 2006) (internal citations and quotation marks omitted), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

4

Case 2:21-cv-00172-JRG-CRW   Document 7   Filed 01/03/22   Page 4 of 8   PageID #: 30

As to the first element, it is well-established that "the Constitution does not mandate comfortable prisons." *Rhodes v. Chapman* 452 U.S. 337, 349 (1981). Rather, only "extreme deprivations" that deny a prisoner "'the minimal civilized measure of life's necessities" will establish a cognizable conditions-of-confinement claim. *Hudson v. McMillan*, 503 U.S. 1, 8-9 (1992) (citations and quotations omitted).

Second, because he was (presumably) a pretrial detainee at the time of the alleged incidents, Plaintiff could not be punished by deliberate indifference to the conditions of his confinement. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017). A detainee may satisfy the deliberate indifference component by establishing that a defendant "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017).

Plaintiff's placement in a suicide tank in an anti-suicide smock with five to seven other inmates posed no risk to his health or safety, much less an excessive risk of which a reasonable official should have known. These allegations fail to state a cognizable claim.

The Court next considers Plaintiff's contention that he was denied a bed, hygiene products, cleaning products, and/or toilet paper. The Court notes that these conditions were endured by Plaintiff for, at most, three days. While undoubtedly unpleasant, there is nothing in Plaintiff's allegations to suggest that these temporary conditions created a substantial risk of harm to Plaintiff's health or safety. *See, e.g.*, *Jackson v. Coyn*, No. 3:17CVP61, 2017 WL 2389400, at *3 (W.D. Ky. June 1, 2017) (finding temporary inconveniences do not demonstrate that conditions "fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency" and ruling alleged lack of soap, showers, towel, clean cell, eating utensils,

5

and bed linens failed to state an objective constitutional risk); *Williams v. Delo*, 49 F.3d 442, 445 (8th Cir. 1995) (holding four-day inmate placement in strip cell without clothes, water, mattress, legal mail, or hygienic supplies did not pose objectively intolerable risk to inmate's health or safety).

Moreover, even if the Court were to find that Plaintiff's allegations stated a plausible claim under § 1983, Plaintiff has only named the Sullivan County Detention Center and Sheriff Jeff Cassidy as Defendants. Sullivan County Detention Center is not a "person" for purposes of § 1983. *See, e.g.*, *Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"). Plaintiff has not alleged that his constitutional rights were violated because of an unconstitutional policy or custom of Sullivan County itself, and therefore, he has also failed to state a claim for any municipal liability. *See Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of its official policies or established customs"). Because he has not adequately plead any municipal liability, Plaintiff has likewise failed to state a claim against Sheriff Jeff Cassidy in his official capacity. *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993) (holding that in action against a state officer acting in an official capacity, "the plaintiff seeks damages not from the individual officer, but from the entity from which the officer is an agent"); *Monell*, 436 U.S. at 690 n.55 ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.").

Finally, the Court considers whether Plaintiff has stated a plausible claim against Sheriff Cassidy individually. The Court notes that constitutional liability does not attach to a supervisor

6

Case 2:21-cv-00172-JRG-CRW   Document 7   Filed 01/03/22   Page 6 of 8   PageID #: 32

or superior based solely on his position of authority. *See Iqbal*, 556 U.S. at 676 ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."); *Monell*, 436 U.S. at 691 (finding that liability under § 1983 may not be imposed merely because a defendant "employs a tortfeasor"). Rather, to state a cognizable § 1983 claim against Sheriff Cassidy, Plaintiff must allege that Sheriff Cassidy was personally involved in the violation of Plaintiff's rights. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983). Plaintiff has failed to allege any such facts against Sheriff Cassidy, and therefore, the Court finds Plaintiff has failed to state a plausible § 1983 claim against Sheriff Cassidy in his personal capacity.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's supplemental motion for leave to proceed *in forma pauperis* [Doc. 6] is **GRANTED,** and his initial motion to proceed *in forma pauperis* [Doc. 4] is **DENIED** as moot;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. Even with liberal construction, Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983, and this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A; and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

So ordered.

ENTER:

                                            s/J. RONNIE GREER
                                  UNITED STATES DISTRICT JUDGE